IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN VERONA, MYGALLONS LLC, AND ZENACON LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. ) 7:09-cv-00057-BR ) |
| U.S. BANCORP, U.S. BANK VOYAGER FLEET SYSTEMS INC., and K.E. AUSTIN CORP., | ) ) ) |
| Defendants. | ) ) |

**ANSWER OF PLAINTIFFS STEVEN VERONA, MYGALLONS LLC AND ZENACON LLC TO COUNTERCLAIM OF VOYAGER FLEET SYSTEMS, INC.**

Plaintiffs Steven Verona, MyGallons LLC and Zenacon LLC, (collectively, the "Plaintiffs"), for their Answer to the Counterclaim of Defendant Voyager Fleet Systems, Inc. ("Voyager Fleet Systems" or "Voyager"), deny each and every allegation, matter and thing alleged in Defendant Voyager Fleet Systems' Counterclaim except that which is hereinafter admitted, qualified or otherwise answered.

170. Admit that Defendant Voyager Fleet Systems is based in Texas, but lack sufficient information to admit or deny the remaining allegations.

171. Admit the allegations as stated in paragraph 171.

172. Admit that Plaintiff Zenacon LLC ("Zenacon") is an Ohio limited liability company.

173. Admit the allegations as stated in paragraph 173.

174. Admit that Plaintiff MyGallons LLC ("MyGallons") is a Florida limited liability company, but deny the remaining allegations as stated in paragraph 174.

175. Admit that Plaintiff Steven Verona ("Verona") signed a contract with K.E. Austin Corp. ("GoGas") and Voyager on behalf of Zenacon and admit that the contract between Zenacon, GoGas and Voyager was for use of Voyager, but deny the remaining allegations as stated in paragraph 175.

176. Admit that Zenacon listed its "Industry Category" as "Service" in its contract with GoGas and Voyager. Deny the remaining allegations as stated in paragraph 176.

177. Admit that, as part of a pilot program, test cards were used to successfully purchase gasoline at various locations that accept Voyager cards, that MyGallons was invoiced for these purchases by GoGas, and that MyGallons timely paid for the redemption of gallons of gasoline. Deny the remaining allegations as stated in paragraph 177.

178. Lack sufficient information to admit or deny the allegations in paragraph 178.

179. Admit that a June 30, 2008, MyGallons press release stated that the MyGallons program would be supported by the Voyager network. Deny the remaining allegations in paragraph 179.

180. Deny the allegations in paragraph 180.

181. Admit that MyGallons posted truthful and accurate press releases on its website. Deny the remaining allegations in paragraph 181.

## COUNT I

**Defamation/Injunctive Relief**
**(Against MyGallons and Verona)**

182. In response to paragraph 182, Plaintiffs incorporate by reference their previous responses.

183. Deny the allegations in paragraph 183.

184. Deny that MyGallons has published or is publishing false allegations regarding Voyager. Lack sufficient information to admit or deny the remaining allegations in paragraph 184.

185. Admit that Voyager seeks an injunction. Deny that Voyager is entitled to any relief as against Plaintiffs.

## COUNT II

### Breach of Contract
### (Against Verona and Zenacon)

186. In response to paragraph 186, Plaintiffs incorporate by reference their previous responses.

187. Deny the allegations in paragraph 187.

188. Admit that Verona signed the contract on behalf of Zenacon, but deny the remaining allegations as stated in paragraph 188.

### FIRST AFFIRMATIVE DEFENSE

Allege that Defendant Voyager's Counterclaim fails to state a claim upon which relief can be granted, in whole or in part.

### SECOND AFFIRMATIVE DEFENSE

Allege that Defendant Voyager's Counterclaim may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs assert the affirmative defenses of payment and, in the alternative, offset.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs reserve their right to assert any additional affirmative defenses that may be discovered during the course of additional investigation and discovery.

**WHEREFORE**, Plaintiffs pray that Defendant Voyager Fleet Systems, Inc. take nothing by virtue of their Counterclaim, that said Counterclaim be dismissed with prejudice, that Plaintiffs recover their attorneys fees and costs herein, and for such other and further relief as the Court deems just and proper.

DATED: January 25, 2010

Respectfully submitted,

 s/ Gary W. Jackson
Gary W. Jackson, N.C. Bar No. 13976
Marcus Samuel McGee, N.C. Bar No. 25343
**JACKSON & McGEE, LLP**
521 East Boulevard
Charlotte, NC  28203
(704) 377-6680 (Phone)
(704) 377-6690 (Fax)

Sherrie R. Savett
Douglas M. Risen
Russell D. Paul
Jacob M. Polakoff
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA  19103
(215) 875-3000 (Phone)
(215) 875-4604 (Fax)

*Counsel for Plaintiffs*

4

# CERTIFICATE OF SERVICE

I, Gary W. Jackson, hereby certify that on January 25, 2010, I caused copies of Answer of Plaintiffs Steven Verona, MyGallons LLC and Zenacon LLC to Counterclaim of Defendant Voyager Fleet Systems, Inc. to be served via the CM/ECF System on:

Lewis A. Remele, Jr., Esq.
Christopher R. Morris, Esq.
Paula M. Semrow, Esq.
BASSFORD REMELE
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402
(612) 333-3000
cmorris@bassford.com
psemrow@bassford.com

Johnny M. Loper, Esq.
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
P. O. Box 831
Raleigh, NC 27602
919-755-2116
jloper@wcsr.com

**Counsel for Defendants U.S. Bancorp
and Voyager Fleet Systems, Inc.**

Michael Murchison, Esq.
Andrew K. McVey, Esq.
MURCHISON, TAYLOR & GIBSON, PLLC
16 North Fifth Avenue
Wilmington, NC 28401
(910) 763-2426
mmurchison@murchisontaylor.com

**Counsel for Defendant K.E. Austin Corp.**

s/ Gary W. Jackson_____
Gary W. Jackson