IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No.7:09-CV-00057-BR

| | | |
|---|---|---|
| STEVEN VERONA, MYGALLONS LLC, and ZENACON LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | |
| U.S. BANCORP, U.S. BANK VOYAGER FLEET SYSTEMS INC., and K.E. AUSTIN CORP., | ) ) ) ) | ORDER |
| Defendants. | ) | |

This matter is before the court on a number of motions to seal various documents submitted in connection with the cross-motions for summary judgment.

A motion to seal must be analyzed in accordance with the mandatory procedure outlined in Stone v. University of Maryland, 855 F.2d 178 (4th Cir. 1988). Pursuant to Stone, the court must first determine the source of the public's right to access to the documents. See 855 F.2d at 180. Both the common law and the First Amendment protect access to judicial records.

> The common law presumes a right to inspect and copy judicial records and documents. The common law presumption of access may be overcome if competing interests outweigh the interest in access . . . . Where the First Amendment guarantees access, on the other hand, access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.

Id. (citations omitted). The common law protects access to all judicial records, whereas the First Amendment right only extends to particular documents. Id. "[T]he more rigorous First Amendment standard . . . appl[ies] to documents filed in connection with a summary judgment motion in a civil case." Rushford v. The New Yorker Magazine, Inc. 846 F.2d 249, 253 (4th Cir. 1988).

After determining the source of the right of access,

> [a] district court must then weigh the appropriate competing interests under the following procedure: it must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing.

Virginia Dept. of State Police v. Washington Post, 386 F.3d 567, 576 (4th Cir. 2004) (citing Stone, 855 F.2d at 181); see also *Eastern District of North Carolina Electronic Case Filing Administrative Policies and Procedures Manual* § T(1)(a)1 (Jan. 25, 2010), *available at* http://www.nced.uscourts.gov/html/cmecf.htm ("Policy Manual") (setting forth requirements of memorandum supporting motion to seal).

The following motions rely on the protective order filed 24 September 2009 to support filing certain documents under seal: defendants U.S. Bancorp and U.S. Bank Voyager Fleet Systems, Inc.'s (collectively "USB") 16 February 2010 motion (DE #95); plaintiffs' 23 February 2010 motion (DE #115); and plaintiffs' 16 March 2010 motion (DE #146). While the protective order contemplates the filing under seal of documents designated as containing confidential information, (see 9/24/09 Order ¶ 11), that order does not abrogate the parties' briefing obligations under the court's Policy Manual or, in turn, the court's obligations under Fourth Circuit precedent. Because the court does not have sufficient information to evaluate whether any document covered by the aforementioned motions should be filed under seal, the burden will be placed on the parties to address the issue, as discussed further below.

The remaining motions, that is, USB's 24 February 2010 motion (DE #119) and defendant K.E. Austin Corporation's ("K.E. Austin") 24 February 2010 motion (DE #131), rely

on Fed. R. Civ. P. 5.2. That rule requires a party making a filing to redact certain personal information from a document. Fed. R. Civ. P. 5.2(a). "A person making a redacted filing may also file an unredacted copy under seal." Id. 5.2(f). According to their motions to seal, USB and K.E. Austin inadvertently filed some exhibits in support of their motions for summary judgment without the required redactions. They subsequently filed redacted versions of the subject documents. Unfortunately, the correct procedure was not followed with respect to either motion to seal.

Contemporaneously with the filing of its motion to seal, USB filed the *redacted* versions of the pertinent documents under seal, (see DE ## 116, 117, 118). Obviously there is no reason for these redacted versions to remain under seal. As for K.E. Austin's motion, it requests that two *entire* affidavits (filed in support of its motion for summary judgment), including attached exhibits, be filed under seal. Only a small portion of the information therein has been redacted. (See DE ## 132, 133.) Because redacted documents have been filed with respect to both of the 24 February 2010 motions, it would seem appropriate to strike the unredacted documents from the record. As discussed below, the court will leave the filing of any motion to strike up to the parties.

Finally, the docket reveals two other issues regarding sealed filings. First, plaintiffs filed under seal an unredacted memorandum in support of their summary judgment motion (DE #110). Plaintiff did not file a motion to seal this memorandum. The information redacted is not personal information covered by Rule 5.2 nor is it associated with an exhibit which is the subject of their motion to seal, (compare DE #94 at 15 n.68 with DE #115). Second, docket entries 121 through 126 remain filed under seal although K.E. Austin withdrew its motion to seal these

3

documents.

All the sealed filings in this case have made the docket a complete mess. In an effort to clean it up, the court finds it best to start from a clean slate. All pending motions to seal are DENIED WITHOUT PREJUDICE. Furthermore, any document presently under seal shall remain under seal for a period of 10 days or, if a motion to seal or to strike said document is filed, until further order. Within 10 days of this order, the parties are directed to review the sealed entries on the docket, and within that time, any party may file a motion to seal or a motion to strike any document. Any such motion must specifically reference the docket entry number and, if necessary, reference the attachment number to that docket entry. Unless the motion relies on Fed. R. Civ. P. 5.2 (which the motion shall state), a memorandum of law must be filed contemporaneously with any motion to seal in accordance with Local Civil Rule 79.2 and the Policy Manual § T(1)(a). Any response to a motion shall be filed within 10 days after service of the motion. If a motion to seal or to strike is not timely filed as to any document, the Clerk is DIRECTED to unseal that document. This order does not apply to docket entry numbers 103 and 105 as Judge Daniel specifically allowed their filing under seal.

This 27 August 2010.

W. Earl Britt
Senior U.S. District Judge