UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:09-CV-057-BR

| | | |
|---|---|---|
| STEVEN VERONA, MYGALLONS LLC, and ZENACON LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | ORDER |
| U.S. BANCORP, U.S. BANK VOYAGER FLEET SYSTEMS INC., and K.E. AUSTIN CORP., | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on defendants U.S. Bancorp and Voyager Fleet Systems, Inc.'s (collectively "defendants") motion to stay. Plaintiff MyGallons LLC ("MyGallons") filed a response in opposition to the motion.

On 18 October 2011, the jury rendered its verdict, awarding, among other things, MyGallons $4 million on its defamation claim against defendants. The Clerk entered judgment on the verdict that same day. On 1 November 2011, defendants filed the instant motion. On 11 November 2011, they filed a motion pursuant to Rule 50 of the Federal Rules of Civil Procedure or, alternatively, pursuant to Rules 59 and 60.

Defendants seek to stay execution of the 18 October 2011 judgment and any proceedings to enforce that judgment pending the court's ruling on defendants' post-trial motion. Initially, defendants contend that the judgment is automatically stayed pursuant to the National Bank Act, 12 U.S.C. § 91. That statute provides, in relevant part, that "no attachment, injunction, or execution, shall be issued against [any national banking] association or its property before final

judgment in any suit, action, or proceeding, in any State, county, or municipal court." 12 U.S.C. § 91. Case law is divided over whether that provision of the National Bank Act would apply in a case such as this where the appellate process has not concluded. Compare United States v. Lemaire, 826 F.2d 387, 390 (5th Cir. 1987) ("hold[ing] that the term 'final judgment' as used in 12 U.S.C. § 91 means a judgment on the merits which is no longer subject to examination on appeal"), cert. denied, 485 U.S. 960 (1988), and Kendall v. Sorani (In re Richmond Produce Co.), 195 B.R. 455, 466 (N.D. Cal. 1996) (following Lemaire), with Gutierrez v. Wells Fargo Bank, N.A., No. C 07-05923 WHA, 2010 WL 4688989, at *1 (N.D. Cal. Nov. 10, 2010) (refusing to follow Lemaire and recognizing that the Supreme Court has commented that Section 91 is directed to prejudgment writs and has repeatedly held that "final judgment" is one that is appealable), and The First Nat'l Bank v. Bell, No. CIV-84-2386-P, 1988 U.S. Dist. LEXIS 18552, at *2 (W.D. Okla. July 14, 1988) (declining to "adopt [the Fifth Circuit's] broad construction]" of Section 91 in Lemaire).[1] The court declines to decide whether the Act applies as the court finds that a stay is warranted on the alternative ground defendants advance, that is, Rule 62(b) of the Federal Rules of Civil Procedure.

That rule permits the court to stay execution of a judgment pending certain post-trial motions. Fed. R. Civ. P. 62(b). "A stay under Rule 62(b) is discretionary with the court . . . ." 11 Charles Alan Wright et al., Federal Practice & Procedure § 2903 (2d ed. 1995). The court exercises its discretion and will stay execution of the judgment and any proceedings to enforce

---

[1] Relying on the plain language of Section 91, MyGallons contends that the statute applies only to actions in state court. However, despite the statutory language, there is case law holding that Section 91 applies to federal court proceedings in addition to state court proceedings. See Kendall, 195 B.R. at 465-66 (relying on Supreme Court's holding under Section 91's predecessor to find that Section 91 applies to federal and state court proceedings); Glad v. Thomas Co. Nat'l Bank, No. 87-1299-C, 1991 WL 261712, at *1 (D. Kan. Nov. 14, 1991) ("Contrary to the literal statutory terms emphasized above[, i.e., 'in any State, count, or municipal court'], the Supreme Court has held that the effect of 12 U.S.C. § 91 extends to federal and state courts.").

2

the judgment.

The issue arises, however, regarding the posting of security. One court recently summarized the law regarding this issue.

> Rule 62(b) is intended to protect the prevailing party's interest in the judgment while preserving the status quo pending the disposition of post-trial motions. *See Lincoln Electric Co. v. MPM Technologies, Inc.*, No. 1:08–CV–2853, 2009 WL 3246936, at *1 (N.D. Ohio Oct. 6, 2009); *In re Apollo Group Inc. Securities Litigation*, No. CV 04–2147–PHX–JAT, 2008 WL 410625, at *1 (D. Ariz. Feb. 13, 2008). Normally, the party seeking a stay under Rule 62(b) is required to post a bond sufficient to protect the prevailing party's interest in the judgment. *See, e.g., Continental Casualty Co. v. First Financial Employee Leasing, Inc.*, No. 8:08–CV–2372–T–27GW, 2010 WL 5421337, at *1 (M.D. Fla. Dec. 27, 2010) (noting that even though the court has broad discretion to set the terms on which a stay may be granted, a bond is normally required); *Lincoln Electric*, 2009 WL 3246936, at *1 (same); *Lewis v. United Joint Venture*, No. 1:07–CV–639, 2009 WL 1654600, at *1 (W.D. Mich. June 10, 2009) (same). However, the Court may grant a stay without requiring the judgment debtor to post a bond if the judgment debtor can show that in the absence of standard security, the judgment creditor will be properly secured against the risk that the judgment debtor will be less able to satisfy the judgment after the disposition of the post-trial motions. *See Slip N' Slide Records, Inc. v. TVT Records, LLC*, No. 05–21113–CIV–TORRES, 2007 WL 1098751, at *2 (S.D. Fla. Apr. 8, 2007); *see, e.g., River Oaks Marine, Inc. v. Town of Grand Island*, No. 89–CV–1016S, 1992 WL 406813, at *2 (W.D.N.Y. Dec. 10, 1992) (granting stay pursuant to Rule 62(b) without requiring a bond or other security where the prevailing party had "expressed no fear that its interest in ultimate recovery would be endangered by a stay").

<u>Lawyers Title Ins. Co. v. Singer</u>, No. 3:07cv804 (MRK), 2011 WL 1827268, at *1 (D. Conn. Mar. 7, 2011).

Both sides have devoted little attention to the issue. Defendants simply note that "should MyGallons seek a bond . . ., Defendants request permission to further brief or argue that issue, as well as what the amount of such bond should be." (Mot. Stay, DE # 236, at 3 n.2.) In response,

3

MyGallons requests that, "in the event that the Court is inclined to grant Defendants' motion," defendants be required to post a bond. (Pl.'s Mem. Opp'n, DE # 246, at 2.) In light of the foregoing, the court finds additional briefing is necessary.

Defendants' motion to stay is ALLOWED. Execution of the 18 October 2011 judgment and any proceedings to enforce such judgment are hereby STAYED pending resolution of defendants' post-trial motion. Within 10 days of the date of this order, defendants are DIRECTED to file a brief, along with any supporting documentation, regarding whether a bond should be posted and, if so, the amount of any such bond. MyGallons may file a response brief within 10 days thereafter.

This 14 December 2011.

                                              W. Earl Britt
                                              Senior U.S. District Judge