IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CV-00057-BR

| | |
|---|---|
| STEVEN VERONA, MYGALLONS LLC, and ZENACON LLC, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| U.S. BANCORP, U.S. BANK VOYAGER FLEET SYSTEMS INC., and K.E. AUSTIN CORP., | ) ) ) |
| Defendants. | ) ) |

**ORDER**

This matter is before the court on the bill of costs [D.E. 238] of plaintiff MyGallons LLC ("plaintiff") and the motion for disallowance of plaintiff's bill of costs [D.E. 244] of defendants U.S. Bancorp and U.S. Bank Voyager Fleet Systems, Inc. ("defendants"). Plaintiff filed a response [D.E. 245] in opposition to defendants' motion for disallowance, and the matter is now ripe for determination. For the reasons stated below, plaintiff's bill of costs will be allowed in part and disallowed in part.

## BACKGROUND

On October 18, 2011, the jury rendered a verdict in favor of plaintiff in the amount of $4,000,000.00 and in favor of counter claimant U.S. Bank Voyager Fleet Systems, Inc. in the amount of $1,096.00, and the court entered judgment accordingly [D.E. 235]. Defendants filed a post-trial motion for judgment as a matter of law or in the alternative, motion for a new trial on damages, or further in the alternative, motion for remittitur [D.E. 242], which the court denied [D.E. 254]. Defendants subsequently filed a notice of appeal [D.E. 255], and the appeal remains pending. On

the joint motion of the parties, the court stayed execution and enforcement of the judgment pending final disposition of all appeals related thereto [D.E. 277].

## DISCUSSION

Plaintiff timely filed its bill of costs seeking total costs in the amount of $26,842.80, which includes service costs of $2,650.00, deposition transcript costs of $14,898.15, and printing and copy costs of $9,294.65. Plaintiff also reserved the right to later amend its bill of costs to reflect the cost of the trial transcript. Defendants timely filed a motion to disallow certain deposition and copy costs requested by plaintiff, contending that they are not allowable under 28 U.S.C. § 1920.

### A. Service Costs

Plaintiff seeks $2,650.00 in service costs. The request is supported by copies of invoices on which the various service fees are itemized. See Pl.'s Mem. in Support of Bill of Costs Ex. 3. Defendants did not move to disallow these costs.

Fees of the marshal are expressly allowed as taxable costs. See 28 U.S.C. § 1920(1). "In making the fees of the Marshal taxable as costs in 28 U.S.C. § 1920, Congress exhibited an intent to make service of process a taxable item," and "[t]he federal rules now allow for the service of process in civil matters by methods other than the U.S. Marshal Service." Arista Records LLC v. Gaines, 635 F. Supp. 2d 414, 418-19 (E.D.N.C. 2009) (citations omitted). Accordingly, the $2,650.00 in service costs are allowed.

### B. Deposition Transcript Costs

Plaintiff seeks $14,898.75 in deposition transcript costs, which includes the cost of transcripts, exhibit copies, video services, and delivery. Defendants object that plaintiff may not recover the costs of both printed transcripts and video depositions absent a showing that both were

2

necessarily obtained for use in the case and that plaintiffs may not recover the cost of non-original deposition transcripts, i.e., depositions where defendants noticed and paid for the original deposition transcript. Defendants also object that some of the depositions were not used at trial.

"Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(2). "The costs incident to the taking of depositions (when allowable as necessarily obtained for use in the litigation) normally include only the reporter's fee and charge for the original transcript of the deposition[.]" Local Civil Rule 54.1(c)(1)(a). It is not required that a deposition transcript be used at trial, only that the taking of the deposition was reasonably necessary at the time of the deposition. LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n, 830 F.2d 522, 528 (4th Cir.1987).

Plaintiff contends that the video transcripts were necessary "in case" witnesses were outside of the subpoena power of the court at the time of trial and that one witness was, in fact, outside of the subpoena power of the court. Speculation that witnesses may not be available for trial is insufficient to show that both a video and a written transcript was necessary. See Ray Commc'ns, Inc. v. Clear Channel Commc'ns, No. 2:08-CV-24-BO, 2011 WL 3207805, at *3 (E.D.N.C. July 26, 2011). Furthermore, even if these witnesses were unavailable at trial, plaintiff has not shown why the written transcript would have been insufficient. See Cherry v. Champion Int'l Corp., 186 F.3d 442, 449 (4th Cir. 1999) ("While there surely are circumstances when both a videotape and a transcript of a deposition may be necessary, [the defendant] has not made the showing why either a transcript or a videotape would not have been sufficient for the need it identified."). Accordingly, the costs of video transcripts will be disallowed.

Plaintiff contends that it is entitled to the cost of obtaining a copy of non-original deposition

3

transcripts, i.e., defendants noticed the deposition and paid for the original deposition transcript. While there is some disagreement among the courts on this point, there is well-reasoned support for awarding the cost associated with obtaining one copy of each deposition taken, irrespective of which party noticed and paid for the "original" deposition transcript. See Bd. of Dirs, Water's Edge v. Anden Group, 135 F.R.D. 129, 134 (E.D. Va. 1991) (awarding plaintiff costs associated with one copy of depositions taken by defendant). Accordingly, plaintiff's transcript costs for depositions noticed by defendants will be allowed.

Finally, postage fees and exhibits to deposition transcripts, which are typically provided for counsel's convenience and are not a necessity, are generally not taxable. See Nwaebube v. Employment Sec. Comm'n of N.C., No. 5:09-CV-395-F, 2012 WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (disallowing costs of deposition transcript exhibits and shipping and handling fees). Accordingly, costs for postage fees and exhibit copies will be disallowed.

In sum, plaintiff's costs of $10,711.85 for one copy of each deposition transcript and the reporter's appearance fees will be allowed, and video, postage, and exhibit costs of $4,186.90 will be disallowed.

### C.  Copy Costs

Plaintiff seeks $9,294.65 in copy costs, which includes $6,893.70 in reproduction costs, $2,300.90 in printing costs, and $100.05 in scanning costs. Defendants object that plaintiff has provided no support from which the court can determine whether the costs are properly taxable. In response, plaintiff notes that over 200,000 pages were produced in discovery.

"Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(4). "The

4

concept of necessity for use in the case connotes something more than convenience . . . ." Har-Tzion v. Waves Surf & Sport, Inc., No. 7:08-CV-137-D, 2011 WL 3421323, at * 3 (E.D.N.C. Aug. 4, 2011) (quoting Cherry v. Champion Int'l Corp., 186 F.3d 442, 449 (4th Cir.1999)). "Copying costs are allowable if used as court exhibits, or if furnished to the court or opposing counsel." PCS Phosphate Co., Inc. v. Norfolk S. Corp., No. 4:05-CV-55-D, 2008 WL 1901941, at *1 (E.D.N.C. Apr. 29, 2008) (citing Water's Edge, 135 F.R.D. at 138-39). The cost of copies made solely for the convenience of counsel are generally not taxable under § 1920(4). Fells v. Virginia Dept. of Transp., 605 F. Supp. 2d 740, 743 (E.D. Va. 2009) (citing Thomas v. Treasury Mgmt. Ass'n, Inc., 158 F.R.D. 364, 372 (D. Md. 1994)).

Plaintiff submitted a list of copy charges by date with no indication as to either the type of document or the purpose of the copy. See Pl.'s Mem. in Support of Bill of Costs Ex. 3. Plaintiff also submitted a declaration of counsel stating generally, with respect to all costs sought, that they were "actually and necessarily incurred, and the services actually and necessarily performed, in this action." Id. Ex. 2 ¶ 4. The information provided is insufficient to allow a determination of whether the copies were "necessarily obtained for use in the case," as required by § 1920(4), and were made for allowable purposes, not merely for the convenience of counsel. While neither the statute nor the federal or local rules require that the subject matter and use for each and every document copied be identified, see 28 U.S.C. § 1920(4); Fed. R. Civ. P. 54(d)(1); Local Civil Rule 54.1, it is noteworthy that such specificity is routinely provided by applicants for costs in this district. Nevertheless, in the present case greater specificity is necessary for plaintiff to satisfy its burden under 28 U.S.C. § 1920(4). At the bare minimum, the general purpose must be identified (e.g., discovery, service copy, court copy, trial exhibit) for the associated cost sought. Accordingly, plaintiff's request for copy

costs is denied without prejudice. A properly supported supplemental request for copy costs may be filed within 14 days from the date of this order, and a failure to do so will constitute a waiver of such costs.

## CONCLUSION

In summary, as the prevailing party and pursuant to 28 U.S.C. § 1920, plaintiff is awarded $2,650.00 in service costs and $10,711.85 in transcript costs. A supplemental request for copy costs may be filed within 14 days from the date of this order, and a failure to do so will constitute a waiver of such costs. Total costs in the amount of $13,361.85 are taxed against defendants and shall be included in the judgment, which is presently stayed pending appeal.

SO ORDERED. This 29th day of March 2013.

Julie A. Richards
Clerk of Court

6

Case 7:09-cv-00057-BR   Document 279   Filed 03/29/13   Page 6 of 6